Whisht, J.,
delivered the opinion of the- Court.
This bill cannot be sustained, and the Chancellor acted very properly in dismissing it upon demurrer.
It appears that Wm. Scruggs and Mary Barksdale, in the year 1852, by various decrees- in the Chancery Court at Nashville, in several different- suits against the complainants, succeeded in establishing their title to a large number of slaves.
These decrees were appealed from and affirmed in the *240 Supreme Court of the State, and the causes remanded, to the end, the decrees might be executed.
The slaves were claimed under the will of James Scruggs, who had bequeathed them to Finch Scruggs for life, with remainder to Wm. Scruggs and Mary Barksdale; and the effect of the decrees was to establish their title to the slaves; and that complainants, who were defendants in these suits, should give bond and security to have them forthcoming for delivery, to said Wm. Scruggs and Mary Barksdale at the death of Finch Scruggs, the tenant for life.
The defendants in said suits unite as complainants in this bill, and file it more than five years after the rendition of said decrees, for the purpose of impeaching and setting the same aside.
The ground upon which this is asked to be done is, that the said Wm. Scruggs and Mary Barksdale, prior to the institution of the suits by which they obtained said decrees, had entered into a champertous agreement with Phineas T. Scruggs, to divide the slaves with him when recovered; and that under this agreement the said decrees were had in the names of said Wm. Scruggs and Mary Barksdale. The complainants allege they would have made the defence of champerty to said suits, but were ignorant of it until within a short time of filing this bill.
In other words, the ground assumed is, that they had a defence to the suits of Wm. Scruggs and Mary Barksdale, but did not know it, and now ask that these ■decrees be set aside to enable them to make it. This cannot be permitted.
These decrees were final adjudications upon the rights *241 of tbe parties, and after the adjournment of the Terms at which they were pronounced, passed beyond the control of the Chancery Court, and cannot be altered or changed. Overton v. Bigelow, 10 Yer., 48-52-53; 1 Johns. Ch. R., 543.
It is not pretended that this is a bill of review. And if it was, it is out of place and comes too late.
Decree affirmed.